KENNETH B. WILSON (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone:     (650) 440-4211

Attorneys for Defendant
REDBUBBLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LTTB LLC, a California limited liability company,<br><br>     Plaintiff,<br><br> v.<br><br>REDBUBBLE INC.,<br><br>     Defendant. | CASE NO. 3:18-CV-00509-RS<br><br>**DEFENDANT REDBUBBLE INC.'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Defendant Redbubble Inc. ("Redbubble") hereby answers the Complaint of plaintiff LTTB LLC ("LTTB"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

### RESPONSE TO SPECIFIC ALLEGATIONS

  1. Answering the allegations of Paragraph 1 of the Complaint, Redbubble denies that LTTB and its founder and predecessor in interest have been the exclusive authorized seller of goods bearing the LETTUCE TURNIP THE BEET mark since 2011. Except as thus expressly denied,

Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and on that basis denies those allegations.

2. Answering the allegations of Paragraph 2 of the Complaint, Redbubble admits that Elektra Printz Gorski ("Gorski") and her counsel have sent correspondence to Redbubble asking Redbubble to remove certain works from the Redbubble marketplace, and that Redbubble has responded by, among other things, truthfully responding that it has removed the identified listings and taking steps to police use of what LTTB has identified as its trademarks. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 2.

3. Answering the allegations of Paragraph 3 of the Complaint, Redbubble admits that this lawsuit purports to be an action for trademark counterfeiting under 15 U.S.C. § 1114, infringement of a registered trademark under 15 U.S.C. § 1114, and unfair competition under 15 U.S.C. § 1125. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 3.

4. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 4 of the Complaint and on that basis denies those allegations.

5. Answering the allegations of Paragraph 5 of the Complaint, Redbubble admits that it is a corporation organized under the laws of the State of California with its principal place of business in San Francisco, California. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 5.

6. Answering the allegations of Paragraph 6 of the Complaint, Redbubble admits that this Court has subject matter jurisdiction over this action, and that venue is proper in this district because Redbubble has its principal place of business in this judicial district.

7. Answering the allegations of Paragraph 7 of the Complaint, Redbubble admits that this Court has personal jurisdiction over Redbubble, and that Redbubble has its principal place of business in this judicial district. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 7.

8. Redbubble admits the allegations of Paragraph 8 of the Complaint.

9. Answering the allegations of Paragraph 9 of the Complaint, Redbubble denies that Gorski created the LETTUCE TURNIP THE BEET mark. Except as thus expressly admitted,

Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 8 and on that basis denies those allegations.

10. Answering the allegations of Paragraph 10, Redbubble admits that LETTUCE TURNIP THE BEET is the subject of trademark registrations issued by the United States Patent and Trademark Office. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 10.

11. Answering the allegations of Paragraph 11 of the Complaint, Redbubble admits that attached to the Complaint as Exhibit A is a copy of a printout from the USPTO database reflecting a federal trademark registration, the text of which speaks for itself.

12. Answering the allegations of Paragraph 12 of the Complaint, Redbubble admits that attached to the Complaint as Exhibit B is a copy of a printout from the USPTO database reflecting a federal trademark registration, the text of which speaks for itself.

13. Answering the allegations of Paragraph 13 of the Complaint, Redbubble admits that attached to the Complaint as Exhibit C is a copy of a printout from the USPTO database reflecting a federal trademark registration, the text of which speaks for itself.

14. Answering the allegations of Paragraph 14 of the Complaint, Redbubble admits that attached to the Complaint as Exhibit D is a copy of a printout from the USPTO database reflecting a federal trademark registration, the text of which speaks for itself.

15. Answering the allegations of Paragraph 15 of the Complaint, Redbubble responds that it is inappropriate for LTTB to refer to four discrete trademarks collectively as if they were a single mark, but accepts LTTB's representation that this is what LTTB has done throughout the remainder of the Complaint.

16. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 16 of the Complaint and on that basis denies those allegations.

17. Redbubble denies the allegations of Paragraph 17 of the Complaint.

18. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint and on that basis denies those allegations.

19. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19 of the Complaint and on that basis denies those allegations.

20. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and on that basis denies those allegations.

21. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21 of the Complaint and on that basis denies those allegations.

22. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22 of the Complaint and on that basis denies those allegations.

23. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 23 of the Complaint and on that basis denies those allegations.

24. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 24 of the Complaint and on that basis denies those allegations.

25. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 25 of the Complaint and on that basis denies those allegations.

26. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 26 of the Complaint and on that basis denies those allegations.

27. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint and on that basis denies those allegations.

28. Answering the allegations of Paragraph 28 of the Complaint, Redbubble denies that the LETTUCE TURNIP THE BEET mark has acquired secondary meaning. Except as thus expressly denied, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint and on that basis denies those allegations.

29. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint and on that basis denies those allegations.

30. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 30 of the Complaint and on that basis denies those allegations.

31. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31 of the Complaint and on that basis denies those allegations.

32. Answering the allegations of Paragraph 32 of the Complaint, Redbubble admits that Gorski notified Redbubble that she had obtained one or more federally registered trademarks in the phrase "Lettuce Turnip the Beet". Except as thus expressly admitted, Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32 of the Complaint and on that basis denies those allegations.

33. Answering the allegations of Paragraph 33 of the Complaint, Redbubble admits that it operates an online marketplace at www.redbubble.com through which customers can purchase from third-party sellers a wide variety of products imprinted with graphic designs by third-party fulfillers. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 33.

34. Answering the allegations of Paragraph 34 of the Complaint, Redbubble admits that third party sellers can upload images to the Redbubble marketplace, and that third-party customers can display and order items bearing the uploaded designs using the Redbubble marketplace. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 34.

35. Answering the allegations of Paragraph 35 of the Complaint, Redbubble admits that Redbubble users can purchase t-shirts, tote bags, and a wide variety of other goods from third parties via the Redbubble marketplace. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 35.

36. Redbubble denies the allegations of Paragraph 36 of the Complaint.

37. Answering the allegations of Paragraph 37 of the Complaint, Redbubble admits that it responded to LTTB's and/or Gorski's takedown notices. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 37.

38. Answering the allegations of Paragraph 38, Redbubble admits that on and after May 2013, Gorski sent communications and takedown notices to Redbubble. Except as thus expressly admitted, Redbubble denies the allegations of Paragraph 38.

39. Redbubble denies the allegations of Paragraph 39 of the Complaint.

40. Redbubble denies the allegations of Paragraph 40 of the Complaint.

41. Redbubble denies the allegations of Paragraph 41 of the Complaint.

42. Redbubble denies the allegations of Paragraph 42 of the Complaint.

**FIRST CAUSE OF ACTION**

**(Trademark Counterfeiting)**

43. Answering the allegations of Paragraph 43 of the Complaint, Redbubble incorporates the responses set forth in Paragraph 1-42 of this Answer as if fully set forth herein.

44. Redbubble denies the allegations of Paragraph 44 of the Complaint.

45. Redbubble denies the allegations of Paragraph 45 of the Complaint.

46. Redbubble denies the allegations of Paragraph 46 of the Complaint.

47. Redbubble denies the allegations of Paragraph 47 of the Complaint.

48. Redbubble denies the allegations of Paragraph 48 of the Complaint.

49. Redbubble denies the allegations of Paragraph 49 of the Complaint.

50. Redbubble denies the allegations of Paragraph 50 of the Complaint.

51. Redbubble denies the allegations of Paragraph 51 of the Complaint.

**SECOND CAUSE OF ACTION**

**(Trademark Infringement)**

52. Answering the allegations of Paragraph 52 of the Complaint, Redbubble incorporates the responses set forth in Paragraph 1-42 of this Answer as if fully set forth herein.

53. Redbubble denies the allegations of Paragraph 53 of the Complaint.

54. Redbubble denies the allegations of Paragraph 54 of the Complaint.

55. Redbubble denies the allegations of Paragraph 55 of the Complaint.

56. Redbubble denies the allegations of Paragraph 56 of the Complaint.

57. Redbubble denies the allegations of Paragraph 57 of the Complaint.

58. Redbubble denies the allegations of Paragraph 58 of the Complaint.

59. Redbubble denies the allegations of Paragraph 59 of the Complaint.

**THIRD CAUSE OF ACTION**

**(Unfair Competition and False Designation of Origin)**

60. Answering the allegations of Paragraph 60 of the Complaint, Redbubble incorporates the responses set forth in Paragraph 1-42 of this Answer as if fully set forth herein.

61. Redbubble lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 61 of the Complaint and on that basis denies those allegations.

62. Redbubble denies the allegations of Paragraph 62 of the Complaint.

63. Redbubble denies the allegations of Paragraph 63 of the Complaint.

64. Redbubble denies the allegations of Paragraph 64 of the Complaint.

65. Redbubble denies the allegations of Paragraph 65 of the Complaint.

66. Redbubble denies the allegations of Paragraph 66 of the Complaint.

## FOURTH CAUSE OF ACTION

### (Contributory Trademark Infringement)

67. Redbubble denies the allegations of Paragraph 50 of the Complaint.

68. Answering the allegations of Paragraph 68 of the Complaint, Redbubble incorporates the responses set forth in Paragraph 1-42 of this Answer as if fully set forth herein.

69. Redbubble denies the allegations of Paragraph 69 of the Complaint.

70. Redbubble denies the allegations of Paragraph 70 of the Complaint.

71. Redbubble denies the allegations of Paragraph 71 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears any burden of proof as to any of them, Redbubble asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

72. The Complaint, and each cause of action therein, fails to state facts sufficient to state a claim on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

73. LTTB's claims are barred, in whole or in part, because LTTB failed to provide proper notice of the alleged infringement, which is LTTB's burden to prove. *See Tiffany Inc. v. eBay Inc.*, 600 F.3d 93 (2nd Cir. 2010).

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Specific Infringement)

74. LTTB's claims are barred, in whole or in part, because Redbubble lacked actual, specific and/or contemporary knowledge of the alleged infringement. *See Tiffany Inc. v. eBay Inc.*, 600 F.3d 93 (2nd Cir. 2010).

### FOURTH AFFIRMATIVE DEFENSE

### (Non-Trademark Use)

75. LTTB's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of LTTB's asserted trademark(s) were done other than as a trademark or service mark and thus do not create a likelihood of confusion.

### FIFTH AFFIRMATIVE DEFENSE

### (Ornamental Use)

76. LTTB's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of LTTB's asserted trademark(s) were ornamental in nature and thus do not create a likelihood of confusion.

### SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

77. LTTB's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of LTTB's asserted trademark(s) were fair uses of the mark in question.

### SEVENTH AFFIRMATIVE DEFENSE

### (Protected Speech)

78. LTTB's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of LTTB's asserted trademark(s) were protected speech under the First Amendment of the United States Constitution and the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

79. LTTB's claims are barred, in whole or in part, because LTTB failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

80. LTTB's claims are barred, in whole or in part, under the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Laches/Statute of Limitations)

81. LTTB's claims are barred, in whole or in part, under the doctrine of laches and/or the relevant statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

82. LTTB's claims are barred, in whole or in part, under the equitable doctrines of waiver, acquiescence and/or estoppel

## TWELFTH AFFIRMATIVE DEFENSE

### (Trademark Misuse)

83. LTTB's claims are barred, in whole or in part, because LTTB has misused its trademark by enforcing and/or attempting to enforce its trademark rights beyond their lawful scope.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

84. LTTB's claims are barred, in whole or in part, because the actions complained of, to the extent they occurred, were the result of the conduct of third-parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unilateral Proactive Conduct)

85. LTTB's claims are barred, in whole or in part, because Redbubble has implemented screening procedures to identify remove potentially infringing items as soon as reasonably practical, although Redbubble is under no legal obligation to do so.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Steps)

86. LTTB's claims are barred, in whole or in part, because Defendant has taken all reasonable steps to remove all items from its website as soon as practical after being made aware of such alleged infringement and/or prohibited use by LTTB.

## **PRAYER FOR RELIEF**

WHEREFORE, Redbubble requests entry of judgment in its favor and against LTTB on LTTB's Complaint as follows:

A. Directing that LTTB take nothing by way of its Complaint and dismissing LTTB's Complaint with prejudice;

B. Declaring that LTTB's asserted trademarks are unenforceable and/or not infringed by Redbubble;

C. Awarding Redbubble its costs of suit, including reasonable attorneys' fees;

D. Granting any and all other relief that the Court deems just and proper.

Dated: May 23, 2018                    COASTSIDE LEGAL


                                       By:   /s/ Kenneth B. Wilson
                                             KENNETH B. WILSON

                                       Attorneys for Defendant
                                       REDBUBBLE INC.